**AFFIRMED as Modified; Opinion Filed April 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00645-CR

**JESUS CASTILLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-70597-W**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Justice Myers

Jesus Castillo waived a jury and pleaded not guilty to assault involving family violence, and having three prior assault-family violence convictions. After finding appellant guilty, the trial court assessed punishment at eight years' imprisonment. In two issues, appellant contends the evidence is legally insufficient to support his conviction and the judgment should be modified to reflect his not guilty plea. We modify the trial court's judgment and affirm as modified.

EVIDENCE PRESENTED

Wendy Canela, the complainant, testified she and appellant had been dating for about one-and-a-half years prior to March 17, 2013, the date of the assault. On March 17, Wendy and appellant had gone to a social gathering at a friend's house. They were both drinking that evening. Wendy testified appellant was intoxicated but she was not. While they were in the kitchen, she and appellant began arguing. Wendy asked appellant to give her the keys to her car because she wanted to leave. Wendy knew appellant had intended to spend the night at the friend's house. After appellant gave Wendy the keys, Wendy walked outside. Candy Perez, the host of the gathering, went outside with Wendy. Appellant followed the women outside.

Wendy testified that she did not have any pockets, so she had put the keys in her bra to prevent appellant from getting them; however, appellant got the keys from her anyway. Wendy testified appellant "hit" her, tore her shirt and bra, and pushed her to the ground. Candy tried to push appellant away from Wendy, but appellant kept hitting Wendy. Wendy testified that appellant also hit Candy as she tried to push him away. Wendy testified that even though appellant had grabbed the keys when he tore her shirt and bra, appellant continued "slapping me around." Fernando Gutierrez, Candy's husband, came outside and pulled appellant away from Wendy, but not before appellant kicked her in the back.

Wendy testified appellant broke the key from the remote so she could not use the car, so she asked Candy to take her home. When she got home, Wendy told her mother what appellant had done, and then called 911. A recording of Wendy's 911 call was admitted into evidence. Wendy testified that when appellant hit her with his hands, "it hurt," and her knees were scraped when she fell on the ground after appellant hit her.

Dallas police officer Mark Blalock testified he responded to Wendy's 911 call. Wendy told him that appellant was her live-in boyfriend and he had assaulted her that evening. After Blalock determined appellant was not in the area or on the premises, he made an offense report on Wendy's complaint. Blalock also made an offense report regarding Candy Perez, who was with Wendy, and who stated she had been assaulted by appellant when she tried to break up the fight. Candy said her husband had stopped appellant. Blalock testified he photographed Wendy's injuries. The photographs were admitted into evidence. They showed bruises on Wendy's arms and scrapes on her knee.

Fernando Gutierrez testified his wife is Candy Perez, and they were at a social gathering on March 17, 2013 at a friend's house. Appellant and Wendy were there also. Fernando denied seeing appellant fight with Wendy, and denied that he helped his wife get appellant away from Wendy. Fernando further testified he had no idea his wife had filed a police report stating appellant assaulted her when she tried to pull appellant away from Wendy.

Appellant denied assaulting Wendy. Appellant testified he and Wendy were in the kitchen at a friend's house when they began arguing. Appellant walked outside with Cindy Lopez, another friend who was at the social gathering. Wendy followed them outside and began arguing with him and Cindy. Appellant asked Wendy to open the car door so he could get his wallet and house keys. According to appellant, Wendy had the keys in her hand but she refused to give him the keys or unlock the car. At that point, appellant grabbed the keys from Wendy's hand and used the remote to unlock the car. Appellant testified Wendy started "throwing punches" at him. Fernando and Candy came outside and separated Wendy and appellant. Appellant ran around the car to the passenger side, got his wallet and house keys from the car, then went back inside the friend's house. Appellant testified that when he went to the backyard

where the other guests were located, Wendy followed him and demanded her keys, stating "or you going to be sorry if you don't." Appellant broke off the key from the remote, threw the key into a neighbor's yard, and gave Wendy the remote. Appellant went back into the house and fell asleep.

During cross-examination, appellant testified Cindy was present when he and Wendy were "fighting," and he admitted that Fernando and Candy broke up the "fight." Appellant also presented testimony from three other witnesses, including his mother, Tizoc Sosa, and Cindy Lopez, who all testified they knew nothing about the alleged assault.

APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

To obtain a conviction for assault involving family violence, the State had to prove beyond a reasonable doubt that appellant intentionally, knowingly, or recklessly caused bodily injury to Wendy Canela, a member of appellant's household and with whom appellant had a dating relationship, by forcing her to the ground with a hand and by striking her with a hand. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West 2011); TEX. FAM. CODE ANN. §§ 71.0021, 71.005 (West 2008 & Supp. 2014). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *See* TEX. PENAL CODE ANN. § 1.07(a)(8).

DISCUSSION

In his first issue, appellant contends the evidence is insufficient to support the conviction because the State failed to prove bodily injury. Appellant argues Wendy did not specifically testify she got the injuries shown in the photographs as a result of contact with appellant, and the evidence did not show he caused Wendy "pain, illness, or other physical impairment" as a result of his actions. The State responds the evidence is sufficient to prove appellant committed the assault.

The trial court heard Wendy's testimony that appellant tore her shirt and bra and hit her more than once, causing her to fall to the ground. According to Wendy, when Fernando pulled appellant away from her, appellant kicked her in the back. Wendy testified it "hurt" when appellant hit her. Photographs of Wendy taken by Blalock show bruises on her arms and scrapes on her knee. Although appellant testified he did not assault Wendy, he testified that both Fernando and Candy came outside and broke up a fight between him and Wendy. It was the trial judge's role, as fact finder, to reconcile conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Viewing the evidence under the proper standard, we conclude a rational trier of fact could find beyond a reasonable doubt that appellant caused bodily injury to Wendy. Thus, the evidence is sufficient to sustain the conviction for assault involving family violence. We overrule appellant's first issue.

MODIFY JUDGMENT

In his second issue, appellant contends the trial court's judgment should be modified to show he pleaded not guilty. The State agrees the judgment should be modified as appellant requests. The trial court's judgment incorrectly states appellant pleaded guilty to the offense. We sustain appellant's second issue.

We modify the trial court's judgment to show the plea to the offense is not guilty. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140645F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESUS CASTILLO, Appellant

No. 05-14-00645-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-70597-W).
Opinion delivered by Justice Myers, Chief Justice Wright and Justice Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to Offense" is modified to show "Not Guilty"

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 1st of April, 2015.